## APPROPRIATION OF PARK PROPERTY FOR RAILWAY PURPOSES.

Court of Insolvency of Hamilton County.

### THE CINCINNATI, LEBANON & NORTHERN RAILWAY COMPANY v. CITY OF CINCINNATI.

Decided, December 24, 1914.

*Eminent Domain—Strip Taken by Railway Company Across Land Acquired by the Municipality for Park Purposes—Damages to the Residue.*

1. A strip of land leased by a municipality to a railway company for a term of years for occupation by its tracks, does not thereby become a parcel carved out of an entire tract, but remains a part of the original tract subject to the incumbrance of the lease, and upon appropriation of the strip by the railway company, subsequent to the expiration of the lease, the city may recover damages to the residue.
2. Damages to the residue may be recovered either in an action to compel an appropriation under the statute or one brought to appropriate.

*Maxwell & Ramsey,* for plaintiff.

*Walter M. Schoenle,* City Solicitor, and *Constant Southworth,* Assistant City Solicitor, contra.

WARNER, J.

The plaintiff is seeking in this case to appropriate certain property of the defendant for a right-of-way.

The case is now presented on questions arising as to Parcel B. described in the petition, consisting of a strip of land fifty feet wide running from Elsinore avenue to Desmoines street through property of the defendant. The question as to the amount of compensation to be paid for the said strip itself was submitted by the parties to arbitrators, whose findings have been duly approved. It was further agreed by the parties:

"That if on the filing of the report of the appraisers the court on application by the city solicitor is of the opinion that

the city is entitled to any sum in addition to the market value of the property taken, the determination of the amount shall be left with the appraisers under instructions of the court as in the case of a trial by jury, subject to the same review as in the case of trial by jury.''

The case has now been submitted upon the application of the city solicitor for an additional sum as damages to the residue alleging ''that the city property sought to be appropriated by the railroad company will dismember the said tract and permanently separate and prevent the convenient use of said tract as an entirety, thereby greatly diminishing its value.''

The plaintiff company claims that the property taken is not part of an entire tract, and does not dismember any such tract, but is a separate and distinct tract of land carved out of an entire tract by an ordinance and lease for thirty years of the defendant made on March 20th, 1876, for railroad purposes. The question therefore turns upon the single issue as to whether, as a matter of law upon the material facts that appeared to be undisputed the property taken is, or is not, a part of an entire tract.

It appears that on March 20th, 1876, the city made a lease to the Miami Valley Narrow Gauge Railway Company for a period of thirty years of the strip in question for railroad purposes at a stipulated rental, and upon certain conditions not material to the decision of the question now before the court. Possession was taken of said strip, and the railroad track constructed thereon. A large part of the property through which this strip ran was at that time an unsightly gulch, used as a city dump, and a trestle work was built across the gulch for the railroad tracks, and afterwards, as required by said lease, the said gulch was filled in to the width of said strip by the railroad company.

On May 6th, 1866, the board of public works passed a resolution as follows:

''Resolved, That all that part of Eden Park property lying north and west of Gilbert avenue is no longer needed for park or municipal purposes, and the engineer is hereby requested to

prepare plat and make subdivision of said property as may be described by the trustees of the sinking fund.''

This action of the board of public works related to property on both sides of said fifty foot strip and abutting thereon.

On March 14th, 1899, the board of public affairs passed a resolution as follows:

''*Be it Resolved,* That this board hereby declares that the lots remaining unsold in Eden Park subdivision lying west of Gilbert avenue are necessary for park purposes and are hereby reserved and that the trustees of the sinking fund be notified of this action and requested not to sell or lease any of said property.''

It further appears that the city owns all the land lying between Elsinore avenue and Desmoines street and Gilbert avenue and Reading road, except certain lots, occupied by the Baldwin Piano Company and others on the southwest corner of Gilbert avenue and Desmoines street; that the property west of said strip is ten feet or more below the grade of the railroad tracks and is used for an athletic field, while the tract on the east side of said strip is on a grade with it and is devoted to ordinary park purposes.

On February 23d, 1906, not quite a month before the expiration of said lease, the petition in this case was filed. After the expiration of said lease the plaintiff company continued to hold and use said strip for railroad purposes. This strip was included in the original conveyance to the city of an entire tract known as the Garden of Eden, a part of which extended west of what is now Gilbert avenue.

Upon these facts has said strip been carved out of the entire tract so as to become a separate and distinct parcel? I think not. The lease was not a permanent grant, but a permission to use the strip for thirty years. It was simply an incumbrance upon that part of the tract owned by the city. At all times, before, during and after said lease the city was the owner of an entire tract west of Gilbert avenue, which included said strip. In *Fries* v. *Railroad Company,* 56 Ohio State, 135, at

page 144 the Supreme Court holds that where a railroad company enters upon land and constructs its track with the consent of the owner, but without securing a permanent right-of-way, such owner has the right to proceed to compel an appropriation as provided by Section 6448, Revised Statutes, now Section 11084, General Code, and in such proceeding "the inquiry may include as well damages to remaining land as compensation for lands taken."

As to the measure of damages it would seem to be immaterial whether the action was one to compel appropriation under the statute or one brought to appropriate.

I think, therefore, as a matter of law on the facts of this case that the defendant city is entitled to such damages to the residue of its tract as in the judgment of said appraisers seems just by reason of the taking of said strip as well as the use to which it is put.   Ordered accordingly.